IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINCENT CENTAUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-00472 |
| ) | |
| GOVERNOR BILL HASLAM and, ) | Chief Judge Haynes |
| ATTORNEY GENERAL ROBERT ) | |
| COOPER, JR., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Vincent Centaur, a state inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this *pro se* action against the Defendants, Governor Bill Haslam and Attorney General Robert Cooper, Jr., in their official capacity only. Plaintiff seeks monetary damages and injunctive relief. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

Under the PLRA, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of any civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b); *see also* 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action brought

with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Plaintiff in this case purports to bring claims under Title II of the Americans with Disabilities Act ("ADA") and specifically 28 C.F.R. § 35.152, which prohibits discrimination by jails and correctional facilities against disabled persons. The Court understands from the allegations in the complaint that Plaintiff has multiple schlerosis ("MS") and uses a wheelchair. Plaintiff asserts that, in the eighteen-month period from September 2012 through October 2013,

he missed six injections of Avonex, a medication he takes to help control his MS symptoms, apparently because BCCX ran out of the medication. Three of the missed injections were in October 2013.[1] By contrast, prior to being moved to BCCX, Plaintiff was at Morgan County Correctional Complex for almost a year; before that he was at the West Tennessee State Penitentiary for almost a year. At each of those institutions, Plaintiff missed only one Avonex injection the entire time he was there. On both those occasions he was given a steroid to help him recover more quickly from the effects of missing the Avonex injection.

Plaintiff claims that his grievances regarding the missed injections at BCCX have been rejected and that no one will take responsibility for the failures. His treating specialists have found that his condition has deteriorated, particularly as a result of missing multiple injections in a row. Specifically, after missing three consecutive weekly injections in October, Plaintiff has experienced "more rapid loss of vision and hearing and loss [of] memory; concentration and coordination. The vision loss was confirmed by the eye doctor and the n[e]urologist confirmed the need of the Avonex injection to help Centaur keep his multiple schlerosis more controllable." (Complaint at 14.) Plaintiff also asserts that, in response to one of his grievances, the grievance board at the prison recommended that "medical" should keep an extra dose of Plaintiff's MS medication, Avonex, on hand at all times to avoid running out. Plaintiff insists that the "State" has not complied with that recommendation.

Plaintiff has not elected to sue the medical contractor or the individual medical providers at BCCX for inadequate medical care under 42 U.S.C. § 1983. Instead, he expressly sues Governor Haslam and Attorney General Robert Cooper in their official capacity under Title II of

---

[1] Because the injections are given weekly, missing three in a row meant that Plaintiff went four weeks between injections at one point.

the ADA, insisting that "the State" is responsible under the ADA for the medical contractors' actions, because Plaintiff is in state custody. He also claims that the failures on the part of the medical contractor are the result of the State's "failure to recognize the urgency and risk to [Plaintiff]" caused by missing his medication. He seeks both monetary damages and injunctive relief.

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132). The Supreme Court has held that Title II applies to state prisons. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

In order to state a claim under Title II of the ADA, Plaintiff must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under [,] the program, [services, or activities] by reason of his disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008). The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Based on Plaintiff's allegations that he has MS and is confined to a wheelchair, it appears that Plaintiff meets the ADA's definition of a qualified individual with a disability. The proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). As set forth above, Plaintiff

has named the governor and the attorney general in their official capacities only. Moreover, the State of Tennessee (acting through the Defendants) is not necessarily immune from Plaintiff's claims under the ADA, because the ADA "validly abrogates state sovereign immunity" for "conduct that actually violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 157, 159 (2006).

However, even assuming that Plaintiff is disabled under the statute and has named appropriate defendants, his allegations do not support an inference that he has suffered discrimination on the basis of disability as required to state a claim under the ADA. Rather, his allegations suggest that he may have been subjected to inadequate medical care at one Tennessee state prison that has resulted in the exacerbation of his medical condition. While evidence of *discriminatory* medical care can constitute a claim under the ADA, *see, e.g., McNally v. Prison Health Servs.*, 46 F. Supp. 2d 49, 58–59 (D. Me. 1999), claims based solely on the provision of *inadequate or negligent* medical care are not cognizable under the ADA. *See Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("Brown's complaint merely asserts that defendants violated the ADA and fails to allege any facts that demonstrate that the alleged inadequate or improper medical care he received was because of a disability."); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (challenge to medical treatment decisions not actionable under ADA); *Spencer v. Easter*, 109 F. App' 571, 573 (4th Cir. 2004) (per curiam) (claim of inadequate medical care is not actionable under the ADA absent evidence of discriminatory intent arising from prisoner's disability); *Baldridge–El v. Gundy*, 238 F.3d 419 (Table), 2000 WL 1721014, at

*2 (6th Cir. Nov. 8, 2000) (ADA does not provide a cause of action for medical malpractice); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1997) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.").

Because Plaintiff here alleges only that he has received inadequate medical care, not that he has been discriminated against on the basis of his disability, the Court concludes that the complaint, construed liberally, fails to state a claim under the ADA.

The complaint will therefore be dismissed for failure to state a claim for which relief may be granted, in accordance with the PLRA.

An appropriate Order is filed herewith.

ENTERED this the 10th day of March, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court